**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| PAT SUAREZ,<br><br>          Plaintiff,<br><br>     v.<br><br>ELIZABETH GUZMAN, et al.,<br><br>          Defendants. | Case No. 2:26-cv-01141-MAA<br><br>**INITIAL STANDING ORDER FOR FULL CONSENT CIVIL CASES ASSIGNED TO MAGISTRATE JUDGE MARIA A. AUDERO** |

**READ THIS ORDER CAREFULLY.  IT GOVERNS THIS ACTION AND DIFFERS IN SOME RESPECTS FROM THE LOCAL RULES**.

This action has been assigned to Magistrate Judge Maria A. Audero.  Judge Audero conducts all proceedings in Courtroom 880 on the Eighth Floor of the Roybal Federal Building and United States Courthouse, 255 East Temple Street, Los Angeles, CA 90012 ("Roybal Courthouse").

Counsel for the plaintiff must immediately serve this Order on all parties, including any new parties to the action.  If this case was removed from state court, the defendant that removed the case must serve this Order on all other parties.

///

The responsibility for the progress of litigation in the federal courts falls upon the attorneys in the action and upon the Court. "To secure the just, speedy, and inexpensive determination of every action" (Fed. R. Civ. P. 1), all counsel, including pro se litigants,[1] are hereby ordered to familiarize themselves with the Federal Rules of Civil Procedure ("Rule"), particularly Rules 16 and 26, the Local Civil Rules of the Central District of California ("Local Rules"),[2] and Judge Audero's Requirements.[3] The parties also may wish to familiarize themselves with the Central District of California's website.[4]

**UNLESS THE COURT ORDERS OTHERWISE,**
**THE FOLLOWING RULES APPLY.**

## TABLE OF CONTENTS

1. Counsel
2. Communication with Chambers
3. Pleadings
4. Discovery
5. Filing Requirements
6. Order Setting Scheduling Conference
7. General Motion Requirements
8. Specific Motion Requirements
9. Ex Parte Applications
10. Injunctions and Restraining Orders
11. Continuances
12. Settlement Conference/ADR
13. Standing Orders and Templates

---

[1] Parties appearing pro se without counsel must comply with the Federal Rules of Civil Procedure and the Local Rules. *See* C.D. Cal. L.R. 1-3, 83-2.2.3.

[2] The Local Rules are available on the Court's website: https://www.cacd.uscourts.gov/court-procedures/local-rules.

[3] Judge Audero's Requirements are available on her webpage on the Court's website: https://apps.cacd.uscourts.gov/Jps/honorable-maria-a-audero.

[4] The Court's website is: https://www.cacd.uscourts.gov.

(Revised December 2025)                    2

**1.    COUNSEL**

a.    **Civility**.  All counsel who appear in this action immediately must review and comply with the Civility and Professionalism Guidelines on the Court's website under Attorney Information.  Failure to do so may result in sanctions.

b.    **Presence of Lead Counsel**.  Only one attorney for a party may be designated as lead trial counsel.  Lead trial counsel must attend all proceedings set by this Court and be prepared to address and resolve all matters within the scope of the proceeding.  Lead counsel are encouraged to permit junior lawyers to fully participate in court proceedings, including to argue motions and to examine witnesses at trial.  Please refer to Judge Audero's Requirements, Procedures ¶ 1: **Courtroom Opportunities for New Attorneys (Five Years or Fewer)** for further information.

c.    **Self-Represented Parties/Pro Se Litigants**.

i.    Parties appearing in propria persona without counsel (pro se litigants) are to comply with the Local Rules—in particular, Local Rule 16 ("Pretrial Conferences; Scheduling; Management")—and the rules set by this Court.  In this Order, the term "counsel" includes pro se litigants.  Only individuals may represent themselves.  A corporation or other entity must be represented by counsel; and if counsel seeks to withdraw, counsel must advise the entity of the dire consequences of failing to obtain substitute counsel before seeking withdrawal— i.e., a plaintiff entity's case will be dismissed or a defendant entity will default.  *See* Local Rule 83-2.3.4.

ii.    With the exception of requesting informal discovery conferences, all parties, including pro se litigants, shall not initiate contact with the Court or its Chambers staff by writing letters, sending email messages, making telephone calls to Chambers, or otherwise communicating with the Court unless opposing counsel is present.  All matters must be called to the Court's attention by appropriate filed application or motion pursuant to Local Rule 83-2.5.  To request

an informal discovery conference, parties are required to comply with Judge Audero's Requirements, Procedures ¶ 4.

iii.   The Court has a Pro Se Clinic available to assist those persons who do not have an attorney to represent them.  Clinics are located in Los Angeles, Riverside, and Santa Ana.  More information can be obtained on the Court's website at http://prose.cacd.uscourts.gov/.  The Los Angeles Clinic operates by appointment only.  Pro se litigants may schedule an appointment either by calling the Clinic at (213) 385-2977 ext. 270, or by submitting an online application to request services at http://prose.cacd.uscourts.gov/los-angeles.

d.   **Duty to Notify of Settlement**.  Counsel must advise the Court immediately if the case or any pending matter has been resolved.  Failure to provide timely notice of settlement or resolution of pending matters may result in sanctions.

e.   "**Notice of Unavailability**."  While the Court expects that counsel will conduct themselves professionally and will not deliberately schedule any proceeding when counsel are unavailable, a "Notice of Unavailability" has no legal effect and should not be filed.

## 2.   COMMUNICATION WITH CHAMBERS

Counsel shall not initiate contact with the Court or its Chambers staff by telephone or by any other improper ex parte means.  Counsel may contact the courtroom deputy clerk ("CRD") with appropriate inquiries.  Inquiring about the status of a ruling or contacting the CRD to continue a proceeding or take it off calendar generally are not appropriate.  The preferred method of communication with the CRD is by email to MAA_Chambers@cacd.uscourts.gov.  *Counsel must copy all parties on any such email*.  To facilitate communication with the CRD, counsel should list their email addresses along with their telephone numbers on all papers.

///

(Revised December 2025)                    4

**3.** **PLEADINGS**

**a.** **Initial Pleading.** Counsel shall comply with Local Rule 3 when filing initial pleadings. All initiating pleadings, including third-party complaints, amended complaints, complaints in intervention, counterclaims, and cross claims, shall be filed as a separate document. None shall be combined with an answer.

**b.** **Service of the Complaint**. The plaintiff(s) shall promptly serve the complaint in accordance with Rule 4 and file the proof of service pursuant to Rule 4(l). Unless otherwise ordered by the Court, any defendant, including any "Doe" or fictitiously named defendant, not served within ninety (90) days after the case is filed shall be dismissed pursuant to Rule 4(m).

**c.** **Cases Removed from State Court**.

**i.** All documents filed in state court, including documents appended to the complaint, answers, and motions, must be re-filed in this Court as a supplement to the notice of removal. *See* 28 U.S.C. § 1447(a)–(b). If the defendant has not yet answered or filed a motion in response to the complaint, the answer or responsive pleading filed in this Court must comply with the Federal Rules of Civil Procedure and the Local Rules. If, before the case was removed, a motion or demurrer in response to the complaint was pending in state court, it must be re-noticed in this Court in accordance with Local Rule 6-1 and Local Rule 7. Counsel shall file with their first appearance a Notice of Interested Parties in accordance with Local Rule 7.1-1.

**ii.** If an action is removed to this Court that contains a form pleading—i.e., a pleading in which boxes are checked—the party or parties utilizing the form pleading must file an appropriate pleading with this Court within thirty days of receipt of the Notice of Removal. The appropriate pleading referred to must comply with the requirements of Rules 7, 7.1, 8, 9, 10, and 11.

**d.** **Amended Pleadings**. Every amended pleading shall be serially numbered to differentiate the pleading from prior pleadings—e.g., First Amended

Complaint, Second Amended Counterclaim, Third Amended Cross Claim, etc. Counsel shall attach as an appendix to all amended pleadings a "redline" version of the amended pleading showing all additions and deletions of material from the most recent prior pleading.

      **e.**      **Status of Fictitiously Named Defendants**.

      **i.**      Plaintiff must identify and serve any fictitiously named defendant(s) before the date of the Scheduling Conference held pursuant to Rule 16(b).

      **ii.**      All Doe defendants remaining within sixty (60) days after the Scheduling Conference, or by another date set forth in the scheduling order, or set separately by the Court are dismissed by operation of this Order without further notice unless plaintiff requests and justifies the need for additional time in the joint report for the Scheduling Conference and this request is granted by the Court.

      **iii.**      Before moving to substitute a defendant for a Doe defendant, plaintiff must seek the consent of counsel for all defendants, including counsel for a represented Doe defendant.  If denied consent, plaintiff must file a regularly noticed motion and address whether the addition of the newly named party destroys diversity jurisdiction.  *See* 28 U.S.C. § 1447(c), (e).

**4.**      **DISCOVERY**

      **a.**      **Compliance with Rule 26**.  Unless there is a likelihood that, upon motion by a party, the Court would order that any or all discovery is premature, counsel should begin to conduct discovery actively before the Scheduling Conference.  Discovery is not stayed prior to the Scheduling Conference or after dates have been set unless otherwise ordered by the Court.  At the very least, the parties shall comply fully with the letter and spirit of Rule 26(a) and thereby obtain and produce most of what would be produced in the early stage of discovery,

///

because at the Scheduling Conference the Court will impose firm deadlines to complete discovery.

**b**.     **Informal Discovery Conference.**  No party may file a discovery motion until it has complied with Judge Audero's mandatory procedure regarding a pre-motion telephonic discovery conference, as set forth in Judge Audero's Requirements, Procedures ¶ 4.  Any discovery motion filed without compliance with Judge Audero's discovery dispute resolution procedures, or leave of the Court, will be stricken.

**5.     FILING REQUIREMENTS**

**a.     Filing Documents.**

**i.     Counsel.**  Pursuant to Rule 5(d)(3), Local Rule 5-4, and General Order 10-07, counsel shall electronically file ("e-file") all filings.

**ii.     Pro Se Litigants.**  Pro se litigants may present documents to the Clerk for filing in paper format pursuant to Local Rule 5-4.2.  Pro se litigants can submit paper documents for filing by:  (1) direct filing at the filing window located in the Roybal Courthouse; or (2) mail addressed to the Clerk at the Roybal Federal Building and United States Courthouse, 255 East Temple Street, Los Angeles, CA 90012.

Alternatively, pro se litigants may submit documents for filing through the Court's Electronic Document Submission System ("EDSS") instead of mailing or bringing documents to the Clerk's Office.  EDSS is not the same as filing documents electronically in the Court's CM/ECF System.  Registration is not required to use EDSS and litigants do not need a PACER account; only internet access and an email address are required.  Attorneys may not use EDSS to submit documents on behalf of their clients.  To access EDSS and for additional information, visit the Court's website at https://apps.cacd.uscourts.gov/edss.

///

c. **Text Searchability**. All documents—including pleadings, motions, and exhibits—submitted to the Court must be text searchable (i.e., "OCR'd").

d. **Documents with Declarations, Exhibits, and Other Attachments**. Except for filings in support of motions for summary judgment, if a filed or lodged document has declarations, exhibits, or other attachments, each attachment must be filed as a separately docketed attachment to the main docket entry with a description of the attachment (e.g., ECF No. 29-1 Smith Declaration, 29-2 Ex. 1 – License Agreement, 29-3 Request for Judicial Notice). Documents filed in support of motions or stipulations that are not filed in accordance with this Order may not be considered or the related filing may be stricken.

e. **Proposed Orders**.

i. Each party filing or opposing a motion or seeking the determination of any matter shall serve and lodge a proposed order setting forth the relief or action sought and a brief statement of the rationale for the decision with appropriate citations.

ii. The Court enforces strict compliance of Local Rule 5-4.4.2, which instructs: "After a document requiring a judge's signature has been lodged in accordance with L.R. 5-4.4.1, . . . a Microsoft Word copy of the proposed document, along with a PDF copy of the electronically filed main document, must be emailed to the assigned judge's generic chambers email address, either by using the 'Proposed Orders' link within the CM/ECF System or by sending a separate email . . . ." The Court will not consider a stipulation, ex parte application, or other request for relief until a compliant proposed order is received by email. Failure to timely comply will result in the Court striking the filing.

f. **Chambers Copies.** Unless otherwise notified by the Court, no chambers copies are required.

///

///

**6.    ORDER SETTING SCHEDULING CONFERENCE**

Pursuant to Rules 16(b) and 26(f), the Court will issue an Order setting a Scheduling Conference.  The parties must comply strictly with Rules 16 and 26, and Local Rule 26.  The parties must propose a trial date that is within eighteen months of the filing of the complaint.

**7.    GENERAL MOTION REQUIREMENTS**

**a.    "Meet and Confer" Requirements**.  Local Rules 7-3 and 37-1 require counsel to conduct a pre-filing conference to discuss thoroughly the substance of the contemplated motion and any potential resolution.

**i.    Scope.**  This requirement applies in all cases, including those with pro se litigants, and extends to all issues, including discovery matters.  If the parties are unable to fully resolve the dispute, they shall attempt to narrow the scope of the contested issue(s).  Parties must meet and confer either by phone, videoconference, or in person.  Email correspondence is insufficient; and motions not supported by a statement that counsel met by phone, videoconference, or in person will be summarily denied.

**ii.    Compliance.**  The moving party must include in the signed notice of motion a truthful representation of full compliance with Local Rule 7-3, stating that the parties "thoroughly discussed the substance and potential resolution of the filed motion [by phone/videoconference or in person]."  With respect to discovery motions, the moving party must affirm compliance with the meet-and-confer requirements of Local Rule 37.

**iii.    Sanctions.**  If an opposing party refuses to participate in good faith, the moving party shall explain the refusal in detail through an under-oath declaration that accompanies the motion or other moving paper.  Failure by any party to comply in good faith with the "meet-and-confer" requirement shall result in an order to show cause regarding sanctions—including, as appropriate, striking or

(Revised December 2025)                                        9

denying the motion, deeming the motion unopposed, and/or awarding monetary sanctions.

   **b.    Time for Filing and Hearing Motions**.  This Court hears civil motions on Thursday at 10:00 a.m.  If Thursday is a court holiday, select another Thursday.  If the motion date selected is not available, the Court will strike the filing or issue a minute order continuing the date.  *A party that waits until the last day to have a motion heard on a date that turns out to be unavailable risks having the motion stricken and not heard*.  Opposition or reply papers due on a court holiday may be filed on the next open court day.  The parties may stipulate to a different briefing schedule, so long as the schedule provides at least two (2) weeks between the filing of the reply and the hearing, and allows for a hearing within the motion cut-off.  If the parties resolve the issue(s), or if a party withdraws or does not oppose a motion, the Court must be notified as soon as possible, but no later than seven (7) days before the hearing date.  Failure to oppose a motion likely will result in the motion being granted after the date on which the opposition would have been due.

   **c.    Length and Format of Motion Papers**.  Unless expressly stated otherwise or as excepted in the Local Rules, memoranda of points and authorities in support of or in opposition to motions must not exceed seven thousand (7,000) words, including headings, footnotes, and quotations but excluding the caption, the table of contents, the table of authorities, the signature block, the certification required by Local Rule 11-6.2, and any indices and exhibits.  A handwritten brief or a brief prepared using a typewriter may not exceed twenty-five (25) pages, excluding the caption (if on a separate cover page), the table of contents, the table of authorities, the signature block, and any indices and exhibits.  Replies must not exceed fifteen (15) pages.  Only in rare instances will the Court find good cause to grant an application to extend these page limitations.  Any memorandum that exceeds the page limit shall be stricken and may not be considered.  Typeface and

spacing shall comply with Local Rule 11-3.1.1, except that the parties are required to use only fourteen (14)-point Times New Roman font.  Footnotes shall be in the same font and the same size as the body of the memorandum.

      **d.**     **Citations to Cases**.  Citations to cases must be in Bluebook format.  Citations to cases must include pinpoint citations (citations to page numbers).  For unreported cases, the Court prefers Lexis citations.

      **e.**     **Citations to Other Sources**.  Statutes should be cited in accordance with the Bluebook.  Statutory references should identify with specificity the sections and subsections referenced (e.g., "Jurisdiction over this cause of action is based on 47 U.S.C. § 33, which grants the district court jurisdiction over all violations of the Submarine Cable Act.").  Statutory citations that do not specifically indicate the appropriate section and subsection (e.g., "Plaintiffs allege that Defendant's conduct violates the Federal Electronic Communication Privacy Act, 18 U.S.C. § 2511, *et seq.*") should be avoided.  Citations to treatises, manuals, and other materials should include the volume, section, and pages being referenced.

      **f.**     **Oral Argument.**  Pursuant to Rule 78 and Local Rule 7-15, the Court may deem a matter appropriate for decision without oral argument.

      **g.**     **Tentative Rulings.**  The Court rarely issues tentative rulings before hearings.  If so, they are typically emailed to counsel one (1) court day before the hearing.  If both parties notify the Courtroom Deputy Clerk that they submit on the tentative ruling, the hearing will be vacated.

**8.**    **SPECIFIC MOTION REQUIREMENTS**

      **a.**     **Motions Pursuant to Rule 12**.  Most motions to dismiss or strike can be avoided if the parties confer in good faith as required by Local Rule 7-3, especially motions for alleged defects in a complaint, answer, or counterclaim that could be corrected by amendment.  In general, the Court must provide leave to amend upon granting a motion to dismiss unless it is clear the complaint is not

correctible.  *See Chang v. Chen*, 80 F.3d 1293, 1296 (9th Cir. 1996); *see also Rosenberg Bros. & Co. v. Arnold*, 283 F.2d 406, 406 (9th Cir. 1960) (requiring "extreme liberality" in favor of amendments).  If the Ninth Circuit's long-standing "extreme liberality" standard applies to a meritoriously filed motion, the Court may summarily grant the motion with leave to amend.  A good-faith "meet-and-confer" effort may avoid this costly and inefficient process.  If the Court grants a motion to dismiss with leave to amend, the plaintiff must file an amended complaint within the time period specified by the Court.  Failure to timely file an amended complaint will result in dismissal of the action or the relevant claim(s) with prejudice.

**b.** **Motions to Amend Pleadings**.  A motion to amend the pleadings must state:  (a) the effect of the amendment; and (b) the page, line numbers, and wording of any proposed change or addition of material.  A "redlined" version of the proposed amended pleading must be filed as an attachment to the motion and emailed to Chambers (in electronic form using Word), indicating all additions and deletions to the prior version of the pleading.  This "redlined" version also must be delivered to opposing counsel at least two (2) hours in advance of the Local Rule 7-3 conference; and if the plaintiff later changes the delivered version, counsel will be required to meet again about the revised pleading.  In addition to the requirements of the Local Rules, all amended pleadings must be numbered serially to differentiate each amendment (i.e., "First Amended Complaint," "Second Amended Complaint").

**c.** **Summary Judgment Motions.**

**i.** **Limit.**  No party may file more than one (1) motion pursuant to Rule 56 regardless of whether such motion is denominated a motion for summary judgment or summary adjudication, without leave of the Court.  The parties shall not attempt to evade the page limitations for briefs by filing multiple motions.  If a party believes this is one of the rare instances in which good cause exists for more than one (1) summary judgment motion or to increase page limits, the party shall

seek leave by noticed motion setting forth a detailed showing of good cause. Pursuant to Rule 56(f), when appropriate, based on undisputed facts and controlling principles of law, the Court may sua sponte enter summary judgment in favor of the non-moving party.

**ii.    Cross-Motions.**  The Court will not entertain cross-motions that seek to adjudicate the same legal issues.  If parties wish to cross-move for summary judgment, their counsel shall meet and confer to determine which party will move and which will oppose the single motion for summary judgment.  If the parties cannot reach agreement on this issue, they shall file a joint submission to the Court with their respective proposals.  Counsel should file this joint submission no later than forty-five (45) days before the last day to file the motion for summary judgment, as the Court will not extend that date on the ground that this joint submission was not necessitated.

**iii.    Briefing Schedule.**  Parties need not wait until the motion cut-off date to bring motions for summary judgment or partial summary judgment.  The hearing on any such motion shall be set for a date in advance of the Final Pretrial Conference.  This Court requires an extended briefing schedule for motions under Rule 56, as follows:

- Any Rule 56 Motion must be filed at least twelve (12) weeks before the noticed hearing date.
- Any Opposition must be filed (4) weeks after the Motion is filed.
- Any Reply must be filed two (2) weeks after the Opposition is filed.

The above briefing schedule is the default.  The parties may stipulate to a modified schedule that is reasonable for all parties.  Any briefing schedule must provide the Court at least two weeks between the reply deadline and the hearing date.

**iv.    Requirements.**  Because summary judgment motions are fact-and-evidence intensive, parties should prepare papers in a fashion that will assist the Court in absorbing the mass of material (e.g., generous use of tables of contents,

(Revised December 2025)                    13

headings, indices, etc.).  The parties must comply precisely with Local Rule 56-1, 56-2,  and 56-3.  The Court will deem facts admitted in accordance with Local Rule 56-4.

**(1)   Statement of Undisputed Facts, Statement of Genuine Issues, and Response.**  The separate statement of undisputed facts shall be in a two (2)-column table, as shown below.  The left column sets forth narrowly-focused, undisputed facts as concisely as possible in sequentially numbered paragraphs.  The right column sets forth the evidence that supports the factual statement.  Where feasible, parties should use headers to group facts relevant to a particular issue, as shown below:

**Plaintiff's Claim for Breach of Contract is Barred by the Statute of Limitations.**

| Undisputed Fact | Evidence |
|---|---|
| 1. Mike and Jane signed a contract for the sale and purchase of property. | Smith Decl. ¶ 5, Ex. 6, ECF No. 61-6. |
| 2. Jane mailed the contract in May 2017. | Smith Decl. ¶ 8, Ex. 21, ECF No. 61-21. |

The opposing party's statement of genuine issues also must be in a two (2)-column table and exactly track the movant's separate statement.  The left column must restate the allegedly undisputed fact and its supporting evidence.  The right column must (i) state that the fact is undisputed or disputed, (ii) briefly state why the opposing party disputes the fact, (iii) cite with specificity the evidence that refutes the fact, and (iv) explain how the cited evidence refutes the fact.

**Plaintiff's Claim for Breach of Contract is Barred by the Statute of Limitations.**

| Undisputed Fact and Evidence | Disputed/Undisputed and Evidence |
|---|---|
| 1. Mike and Jane signed a contract for the sale and purchase of property. Smith Decl. ¶ 5, Ex. 6, ECF No. 61-6. | Disputed.  Jane testified that the contract was for a lease, not a purchase. Jane Dep. (Smith Decl. Ex. 4) at 29:4-16. |

| 2. Jane mailed the contract in May 2017. Smith Decl. ¶ 8, Ex. 21, ECF No. 61-21. | Disputed as to date.  Jane testified she mailed the contract in June 2017.  Jane Dep. at 3:4-10. |
|---|---|

Do not include legal argument in this document.  The opposing party may dispute all or only a portion of the statement, but if disputing only a portion, it must clearly indicate what part is being disputed.  The Court will not wade through a document to determine whether a fact really is in dispute.

The opposing party may submit additional material facts that bear on the issues raised by the movant.  The additional facts shall follow the format of the moving party's separate statement and shall continue in sequentially numbered paragraphs.

The moving party's response to the statement of genuine issues must include every fact included in the opposing party's statement of genuine issues, and for facts disputed by the opposing party, the moving party's response to rebut the existence of a genuine dispute.  The moving party's response to the statement of genuine issues must exactly track the opposing party's statement of genuine issues.

**Plaintiff's Claim for Breach of Contract is Barred by the Statute of Limitations.**

| Undisputed Fact and Evidence | Disputed/Undisputed and Evidence |
|---|---|
| 1. Mike and Jane signed a contract for the sale and purchase of property. Smith Decl. ¶ 5, Ex. 6, ECF No. 61-6. | Disputed.  Jane testified that the contract was for a lease, not a purchase. Jane Dep. (Smith Decl. Ex. 4) at 29:4-16. |
| 1. Moving Party's Response In the section of the deposition cited by Opposing Party, Opposing Party merely states that she believed the contract was for a lease, but later in the deposition, Opposing Party admitted that was she was incorrect about this belief and understood the contract to be for the sale and purchase of property.  *See* Jane Dep. at 29:4-64. | |

**(2)    Supporting Evidence.**  No party shall submit evidence other than the specific items of evidence or testimony necessary to support or controvert a proposed statement of undisputed fact.  For example, entire deposition transcripts, entire sets of interrogatory responses, and documents that do not specifically support or controvert material in the separate statement shall not be filed.  The Court will not consider such material.

Evidence must be submitted either by stipulation or as exhibits to declarations sufficient to authenticate the proffered evidence, and must not be attached to the memorandum.  The Court will accept counsel's authentication of deposition transcripts and written discovery responses.  Documentary evidence for which there is no stipulation regarding authenticity must be accompanied by testimony, either by declaration or deposition transcript, of a witness who can establish authenticity.

**(3)    Objections to Evidence.**  Evidentiary objections to a declaration submitted in connection with a motion or other matter shall be made in writing and served and e-filed at the same time as, but separately from, the opposition or reply papers.  If a party disputes a fact based in whole or in part on an evidentiary objection, the ground of the objection should be succinctly stated in a separate statement of evidentiary objections in a three-column format:

**(a)**    The left column should include the relevant portions of any declaration or deposition, which shall include the highlighted, underlined, and/or bracketed portions that are being objected to (including page and line number, if applicable).  Each objection shall be numbered and located within the copy of the declaration.

**(b)**    The middle column should set forth a concise objection (e.g., hearsay, lacks foundation, etc.) with a citation to the Federal Rules of Evidence or, where applicable, a case citation.

///

**(c)**    The right column should provide space for the Court's entry of its ruling on the objection.

A proposed order shall be filed and attached to the evidentiary objections as a separate document consistent with Local Rule 52-4.1 and either uploaded through the CM/ECF System or emailed directly to the Court's Chambers' email at: **MAA_Chambers@cacd.uscourts.gov.** *See* Exhibit A.  Counsel shall adhere to this format for any evidentiary objections that are submitted to the Court for consideration.

**d.**    **Motions for Class Certification.**  Notwithstanding Local Rule 23-3, the deadline for the filing of a motion for class certification will be set pursuant to the parties' stipulation during the Scheduling Conference or in a Scheduling Order.  No request for relief from Local Rule 23-3 is necessary.

**e.**    **Motions for Preliminary and Final Approval of Class Action Settlement.**  Parties submitting a motion for preliminary or final approval of a class settlement shall include a spreadsheet supporting any proposed award of attorneys' fees.  The spreadsheet shall include an estimate of any future attorneys' fees for which compensation will be sought, the normal hourly rate of all counsel for whom entries appear on the spreadsheet, the support for such hourly rate(s), and an explanation of the basis of any service enhancement award for lead plaintiff(s), including the hours worked and activities performed by such lead plaintiff(s).  An editable, electronic courtesy copy shall be prepared in Microsoft Excel and emailed to the Court's Chambers' email at **MAA_Chambers@cacd.uscourts.gov,** formatted for use with Microsoft Excel.

**f.**    **Discovery Motions**

Discovery motions shall comply strictly with Rule 37 and Local Rule 37.

**g.**    **Motions for Attorneys' Fees**

Motions for attorneys' fees—other than motions for attorneys' fees brought pursuant to Federal Rule of Civil Procedure 37—shall be e-filed and set for hearing

according to Local Rule 6-1 and this Order.  Any motion or request for attorneys' fees—except for requests for attorneys' fees pursuant to Federal Rule of Civil Procedure 37—shall attach two (2) summaries, in table form, of the hours worked by and billing rate of each attorney with title (i.e., partner, counsel, associate, etc.).

The first table shall include a summary of the hours worked by each attorney, organized by task (i.e., discovery, motion to dismiss, motion for summary judgment).  If the hourly rate charged by any individual attorney changed while the action was ongoing, the party shall provide separate calculations for the total number of hours the attorney spent in connection with each task at each hourly rate.

The second table shall include a summary of the hours worked by each attorney, organized by attorney.  This table shall list all the tasks on which the attorney worked, the hours worked on each task, and the hourly rate of each attorney.

All tables shall be attached to the motion and electronically filed.  The courtesy copy of the table shall be emailed to the Court's Chambers email address at MAA__Chambers@cacd.uscourts.gov, and shall be prepared in Microsoft Excel and have all restrictions removed so the spreadsheet can be edited.  *See* Exhibit B.

Motions for attorneys' fees brought pursuant to Federal Rule of Civil Procedure 37 shall provide detail of the individual tasks performed for which reimbursement is sought and the hourly rate requested for same, and shall establish the reasonableness of both the number of hours and the hourly rate, including evidence of the prevailing rate.  These records may be redacted to prevent disclosure of privileged matter.  However, as to such redacted records, counsel shall submit a declaration describing the nature of the service with sufficient detail to allow opposing counsel to determine if the item is objectionable.

As to all attorneys' fees motions, all information provided by moving counsel shall be treated as confidential by opposing counsel.  The information shall be used solely for purposes of the fee litigation, and shall be disclosed to other persons, if at

all, only in court filings or hearings related to the fee litigation.  If opposing counsel proposes to disclose any of the information in a court filing or hearing, opposing counsel shall provide moving counsel with prior written notice and a reasonable opportunity to request an appropriate protective order.

In addition, as to all attorneys' fees motions, before filing such a motion, counsel must meet and confer in person or by videoconference pursuant to Local Rule 7-3 or 37-1 (as applicable) to attempt in good faith to agree on the reasonable amount of fees to be awarded (if the Court decides to award fees), keeping in mind that a contested request for attorneys' fees "should not result in a second major litigation." *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983) ("Ideally, of course, litigants will settle the amount of a fee.  Where settlement is not possible, the fee applicant bears the burden of establishing entitlement to an award and documenting the appropriate hours expended and hourly rates.")

**h.  Filings Under Seal.**

**i.**   Counsel shall comply with Local Rule 79-5.  All applications to file under seal must provide the reason(s) why the parties' interest in maintaining the confidentiality of the document(s) outweighs the public's right of access to materials submitted in connection with a judicial proceeding.  Counsel are ordered to meet and confer in person or by telephone at least seven (7) calendar days prior to the filing of an application in which the basis for the requested sealing is stated to determine if they can agree on the proposed under seal filing.  Not later than two (2) calendar days after the meet-and-confer process has concluded, the non-proposing party shall confirm whether it agrees to having such information designated as confidential or whether it opposes an under seal filing.  Any application for under seal filing, whether or not opposed, shall contain the dates and method by which the parties met and conferred.  If such information is not provided, the application will be denied without prejudice to an amended application being filed that complies with the foregoing terms.

**ii.      E-filing Applications for Leave to File Under Seal**

**(1)**      The application for leave to file under seal shall be filed on the public docket and shall attach a proposed order pursuant to Local Rule 5-4.4.1 and Local Rule 5-4.4.2.  Any declaration that supports the application also shall be attached to the application unless it contains confidential information.  The declaration shall be filed under seal as its own docket entry if it contains confidential information.

**(2)**      The unredacted version of any document(s) shall be filed under seal.  It may be attached to the declaration that supports the application, if the declaration is sealed and is filed as its own docket entry.  Otherwise, it shall be filed as its own docket entry.  The title shall include "Unredacted" or "Sealed" as the first word of the title of the document.  Any sealed document must mark the information that is confidential or privileged clearly via highlighting in color and/or using brackets.

**(3)**      The Court will review the submitted documents and make a determination as to whether the document(s) can be sealed and filed on the docket.  If the application is granted, counsel shall file:

**(a)**      The unredacted version of the entire document as its own docket entry.  The title shall include "Unredacted" or "Sealed" as the first word of the title of the document.  Any information that has been redacted or omitted from the public filing must be clearly marked via highlighting in color and/or using brackets.

**(b)**      The redacted version of the entire document as its own docket entry.  Unless otherwise stated in the order granting the application, a redacted version is required of all sealed documents.  The title shall include "Redacted" as the first word of the title of the document.  Any information that is confidential or privileged must be blacked out or a page shall be inserted with the title of the document that indicates that the entire document is sealed.

**(c)** Closely related materials filed at the same time where some are proposed to be filed under seal and others will not be sealed shall be considered as a single document and filed as a single docket entry containing multiple attachments. For example, if certain exhibits to a declaration are to be filed under seal, even if other exhibits or the declaration are not, the entire document for which permission to seal should be sought is the declaration and all exhibits. The docket shall therefore include:

**(i)** One unredacted/sealed docket entry with the documents to include the declaration with all exhibits, including sealed exhibits, e-filed as an attachment to the declaration;

**(ii)** a separate redacted docket entry with the documents to include the declaration with all exhibits, including redacted exhibits, e-filed as an attachment to the declaration.

9. **EX PARTE APPLICATIONS**

A party seeking ex parte relief, including a temporary restraining order, must comply with Local Rule 7-19. The applicant must notify the other party (or parties) that opposing papers are to be filed no later than two (2) court days following service. The Court generally will not rule on an ex parte application for at least two (2) court days after the party subject to the requested order has been served unless service is excused. Opposing counsel should advise the CRD as soon as possible whether their client intends to oppose the ex parte application. The Court considers ex parte applications on the papers and usually does not set these matters for hearing. A last-minute application or stipulation that is denied will not serve to relieve a party of an underlying obligation (e.g., a soon-to-expire deadline). Sanctions may be imposed for misuse of ex parte applications.

///

///

(Revised December 2025)                          21

**10.    INJUNCTIONS AND RESTRAINING ORDERS**

Parties seeking preliminary or emergency injunctive relief must comply with Rule 65 and Local Rule 65.  Applications for a Temporary Restraining Order ("TRO") are also governed by Local Rule 7-19, which applies to ex parte applications.  Thus, oppositions to Applications for a TRO must be filed within forty-eight (48) hours following service of the Application.  The Court will not rule on any Application for a TRO for at least forty-eight (48) hours after the party subject to the requested order has been served, unless notice is excused as per Rule 65(b), or unless the interests of justice so require.

**11.    CONTINUANCES**

a.      **Good Cause**.  The Court grants continuances of pretrial and trial deadlines only on a timely showing of good cause.  The Court applies the same standard of good cause to all extension requests—whether opposed or jointly requested.  Good cause requires a specific, detailed, and non-conclusory showing of diligence from the outset of the case, describing:  (1) all relevant work previously done (including when each item was completed); (2) all relevant work that remains to be done; (3) why the remaining work could not previously have been done (including efforts made to complete each remaining item); and (4) why the amount of time requested is needed to complete the remaining work.

b.      **Diligence**. Diligence generally will not be found when a party opts for strategic staging of discovery (or other tasks) that prevent completion within the existing deadline.  Moreover, a desire to engage in settlement discussions generally does not constitute good cause.  The parties are strongly encouraged to agree to exchange initial disclosures promptly and to actively commence discovery before the Scheduling Conference.

c.      **Denied with Prejudice**.  Denial of an extension request, including summary denial, is with prejudice.  The parties should therefore present all

(Revised December 2025)                                22

available information showing that the outstanding discovery or other litigation tasks cannot be completed within the existing deadlines despite all reasonable diligence from the outset of the case. A party is not permitted to resubmit a denied extension request with information that was either previously submitted or previously available.

d.      **Failure to Comply**. Failure to comply with the procedural requirements above will result in the extension request being stricken or summarily denied. An improper resubmission of a denied extension request may result in sanctions.

**12.    SETTLEMENT CONFERENCE/ALTERNATIVE DISPUTE RESOLUTION (ADR)**

As stated in Local Rule 16-15, the parties in every case must participate in a Settlement Conference or Alternative Dispute Resolution ("ADR") procedure. **The Court will not hold a final pretrial conference or convene any trial unless and until all parties, including the principals of all corporate parties, have completed ADR.**

In their Joint Rule 26(f) Report, counsel should indicate their preferred ADR procedure as among the following:

Procedure No. 1: Before a Magistrate Judge in the Central District of California, to be selected based upon availability;

Procedure No. 2: Before a neutral selected from the Central District of California's ADR Panel; or

Procedure No. 3: Before a private mediator.

The Court will refer the case to a procedure at the initial scheduling conference. More information about the Court's ADR Panel and mediator profiles is available on the Court's website.

///

///

(Revised December 2025)                    23

**13.**   **STANDING ORDERS AND TEMPLATES**

Certain forms and templates are available on Judge Audero's webpage.  If the Court has provided a template for any filing, the parties must follow it.


**IT IS SO ORDERED.**

DATED:  April 30, 2026

_____

HONORABLE MARIA A. AUDERO
UNITED STATES MAGISTRATE JUDGE

## EXHIBIT A: FORMAT FOR EVIDENTIARY OBJECTIONS

| Declaration/Testimony of_____ | Objections | Ruling |
|---|---|---|
| **Example 1:  Entire Declaration of John Smith**<br><br>Start of Deposition ……………………………<br><br>[1. Language subject to objection]<br><br>………………………………….................<br><br>…………………………………………….....<br><br>………………………………………………… | 1. *E.g.*, Hearsay, cite. | 1. Sustained/ Overruled |
| [2. Language subject to objection]<br><br>…………………………………………………<br><br>…………………………………………………<br><br>………………………………………………… | 2. *E.g.*, Lacks foundation, cite. | 2. Sustained/ Overruled |
| [3. Language subject to objection]<br><br>…………………………………………………<br><br>…………………………………………………<br><br>…………………………………………………<br><br>End if Declaration | 3. *E.g.*, Hearsay, cite. | 3. Sustained/ Overruled |

**EXHIBIT B: FORMAT FOR ATTORNEYS' FEES SUMMARY CHARTS**

| Table 1 | | | |
|---|---|---|---|
| Task 1: Motion to Dismiss | | | |
| **Attorney** | **Rate** | **Hours** | **Fee** |
| Attorney 1 (position) | $XXX/hour | Total hours spent by Attorney 1 on Task 1 | $XXX |
| Attorney 2 (position) | $XXX/hour | Total hours spent by Attorney 2 on Task 1 | $XXX |
| **Fee Request for Task 1** | | **Task 1 Sum** | **Task 1 Sum** |
| Task 2:  Motion for Summary Judgment | | | |
| Attorney 1 (position) | $XXX/hour | Total hours spent by Attorney 1 on Task 2 | $XXX |
| Attorney 2 (position) | $XXX/hour | Total hours spent by Attorney 2 on Task 2 | $XXX |
| **Fee Request for Task 2** | | **Task 2 Sum** | **Task 2 Sum** |

| Table 2 | | | | |
|---|---|---|---|---|
| **Attorney** | **Rate** | **HOURS BY TASK** | | **TOTALS** |
| Attorney 1 (position) | $XXX/hour | Task 1 | Total Hours Spent by Attorney 1 on Task 1 | **Hours:**<br>**Amount: $** |
| | | Task 2 | | |
| | | Task 3 | | |
| | | Task 4 | | |
| | | Task 5 | | |
| Attorney 2 (position) | $XXX/hour | Task 1 | Total Hours Spent by Attorney 2 on Task 1 | **Hours:**<br>**Amount: $** |
| **Total** | | | | **Hours:**<br>**Amount:  $** |

(Revised December 2025)                                26